'The opinion of the Court was,delivered by-
Tilghman C. J.
In this action of partition, the plaintiffs claim thirty-three-eightieths of a house and lot, in,Front street in the city of Philadelphia. They derived their title from John Nixon deceased, who was a purchaser at a sale by the marshal of the United States, by virtue of a writ or writs of - Venditioni 'Exponas issued from the'District Court of Pennsylvania. And in order to make good the plaintiffs’.' claim to thirty-three-eightieths, it was necessary to shew that the marshal had lawfully sold all the interest in this house and lot, which was vested in Francis West, Benjamin West, and the heirs of John. West, deceased. The plaintiff proved that the United States had obtained judgments against Francis West, Benjamin West, and the heirs of John West;' and that a venditioni exponas had issued regularly on the judgment against the heirs of John West, upon which the marshal advertised, that he would sell all the rights of Francis West, Benjarriin West', and John West, deceased, and actually did sell arid corivey all their rights to John Nixon, who' was the' highest bidder at the sale. But the plaintiffs could not shew,-that writs of venditioni--exponas had issued on the judg- - ments against Francis and Benjamin West. They gave evidence however, that the right of Benjamin West was vested in Francis West, and that the marshal made sale of the interest of Francis and Benjamin West, at the request, and under the direction of Francis West. Judge Duncan, before whom the cause was tried, charged the jury, that if they should be of opinion that the sale was made with the privity, and under the direction of Francis West, and that he possessed the interest of Benjamin, he was estopped from controverting the sale, and the verdict should be for,the-plaintiffs. There is no doubt that this direction was right, for it would be against all equity, to permit the purchaser’s title to be disturbed, by the man who encouraged him to make the purchase. The only question then, will be, whether this kind of equity is .sufficient to support an action of partition. This hardly deserves the name of question-, as it is very clear' that if such *469 a title be not sufficient, the common transactions of business will be brought to a stand in Pennsylvania. If we' had a Court of Chancery, it would compel Francis West to execute a conveyance, to the plaintiffs. But we have nb such. Court; our practice therefore has been., in such case, to consider that, as actually done, which a Chancellor would decree to be done. That is, applying the rule to the case before us, we assume that a conveyance has been made by Frangís West to the plaintiffs. Upon that assumption, the jury, proceeded, when, under t]ie charge of the Court, they found a verdict for the plaintiffs. I am of opinion therefore that the verdict was right, and the motion for a new trial should be denied.
Motion for a new trial denied;
Gibson J.—Did not sit in this cause, being related to one of the parties concerned.