## Marzo v. Street

C.P. of Lycoming County, No. 13-02828

*Kristin L. Waltz*, for plaintiff.
*Ryan M. Tira* and *Michael Mussina*, for defendants.

GRAY, *J.*, June 12, 2014—This matter comes before the court on defendant, Vanessa K. Street's, preliminary objections in the nature of a demurrer. Street objects to the

complaint for failure to state a cause of action for partition Pa. R.C.P. 1551 *et. seq.* and for a proportionate share of the fair market rental value pursuant to 68 P.S. §101. After review of the objections, response, argument, pleadings, and briefs, the court overrules the objections. The court enters the following opinion and order.

## Procedural and Factual Background

Plaintiff Benjamin P. Marzo invokes the equitable powers of the court to seek partition of real property pursuant to Pa.R.C.P. 1551 *et. seq.* Marzo claims an equitable interest in real property arising from an Article of Agreement executed on August 15, 2003. The Article of Agreement involves the purchase of real property known as 1850 Hayes Lane, Williamsport, located in Loyalsock Township (known as Lycoming Tax Parcel No. 26-022-307), recorded at Book 4692 at Page 90 ("property"). Marzo and Street entered an Article of Agreement to purchase the property from defendant Barbara D. Schramm, who was and still is the record owner of the property.

Under the Article of Agreement, Schramm agreed to sell and convey the property to Marzo and Street for $98,000 to be paid within 15 years, together with interest on all unpaid balances of principal. This amount was payable in one hundred eighty (180) monthly installments of $826.98 until full payment of principal and interest has been made. Upon payment of $98,000, Schramm would execute and deliver a deed conveying the property in *fee simple* free from encumbrances. *See,* Article of Agreement, complaint, exhibit "A" (emphasis added). The agreement reserved the right to demand payment in full upon 30 days' notice once

the 60th payment had been made. The agreement provided for late fees and the right for anticipated payments in full and part. The agreement required prior written consent for assignment. The agreement required that proof of payment of real estate taxes and insurance be provided to Schramm within 30 days of payment.

Since November 2007, Street has retained exclusive possession of a unit at the property. The property contains a residential building with 3 rental units. Street resides in the largest portion of the building, consisting of a 2 story, 3 bedroom unit. The fair market value of the property is at least $160,000. The outstanding balance owed under the article of agreement is approximately $40,000. Marzo and Street resided in the property together from 2003 until November 2007.

Marzo seeks partition of the property, including a sale and owelty. The wherefore clause in Marzo's complaint requests the following relief:

a) The court decree partition of the property;

b) The court direct that a master be appointed to make such examinations and hold such hearings, and to conduct a private or public sale of the property pursuant to the Pennsylvania Rules of Civil Procedure governing partition actions; and

c) Such other relief as the court deems to be appropriate.

Defendant Schramm has not filed any objection or pleading objecting to the partition.[1]

---

1. At argument, counsel for defendant Schramm stated that Schramm does not oppose partition.

## Legal Standards

Preliminary Objections

1. A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4).

2. A demurrer tests the legal sufficiency of the complaint. *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 714 (Pa.Super. 2005).

3. When reviewing preliminary objections in the nature of a demurrer, the court must "accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts." *Thierfelder v. Wolfert*, 52 A.3d 1251, 1253 (Pa. 2012), citing, *Stilp v. Commonwealth*, 940 A.2d 1227, 1232 n.9 (Pa. 2007).

4. "Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are *clear and free from doubt*." *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).

Partition

5. Pa. R.C.P. 1553 provides that an "action for partition may be brought by any one or more co-tenants."

6. A complaint for partition must include a description of the property and "a statement of the nature and extent of the interest of each party in the property." Pa. R.C.P. 1554.

7. It has long been the case that "equitable title is sufficient in Pennsylvania to recover upon in partition." *Willing v. Brown*, 7 Serg. & Rawle 467, 1822 Pa. LEXIS 233 (Pa. 1822); *see also, Blumner v. Metropolitan Life*

*Ins. Co.*, 66 A.2d 245, 248 (Pa. 1949) ("It is well settled that an equitable estate may be partitioned"); *see also*, *Hirschberg v. Molinelli*, 27 Pa. D. & C. 5th (C.P. Monroe 2012), *affirmed*, 53 A.2d 929 (Pa. Super. 2012)(demurrer overruled where party seeking partition pleaded an equitable interest in the property with specific averments.)

8. If the court finds that the property is not capable for division without prejudice to or spoiling the whole, the court can direct that the property be sold in accordance with Pa. R.C.P. Rule 1563.

9. The court shall determine the "credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or therefrom." Pa. R.C.P. Rule 1570.

10. With respect to real estate held by two or more tenants in common, 68 P.S. § 101 provides that "it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their co-tenant or tenants are entitled." 68 P.S. § 101 (emphasis added)

## Discussion

The court concludes that Marzo plead facts sufficient to seek the relief requested pursuant to Pa. R.C.P. 1551 *et.*

*seq.* It has long been established that an equitable interest in real property is sufficient to recover in partition. *See, e.g., Willing v. Brown*, 7 Serg. & Rawle 467, 1822 Pa. LEXIS 233 (Pa. 1822); *see also, Blumner v. Metropolitan Life Ins. Co.*, 66 A.2d 245, 248 (Pa. 1949); *see also, Hirschberg v. Molinelli*, 27 Pa. D. & C. 5th (C.P. Monroe 2012), *affirmed*, 53 A.2d 929 (Pa. Super. 2012). A complaint in partition must include a description of the property and a statement of the nature and extent of the interest of each party in the property. Pa. R.C.P. 1554. A decision and order in partition must include a finding of fact as to credits for use and occupancy, and must include whether owelty is required and the amount required. Pa. R.C.P. 1570.

In the instant case, Marzo plead sufficient facts for the relief requested in partition pursuant to Pa. R.C.P. 1551 *et. seq.* Specifically, Marzo plead that he has an equitable interest in real property pursuant to an article of agreement which was duly recorded against the property. Marzo included a description of the property and provided a statement of the nature and extent of the interest of each party in the property. Marzo alleged that over 50% of the payments due under the agreement have already been made. Marzo further averred that street has been using and occupying part of the property to the exclusion of Marzo since November 2007. The relief sought by Marzo is that which the court is required to address in a decision and order rendered pursuant to Pa. R.C.P. 1570. Accordingly, this matter is not clear and free from doubt to warrant a dismissal; Marzo has sufficiently plead facts in support of the relief requested.

The court further concludes that 68 P.S. § 101 does not bar Marzo from seeking relief pursuant to partition, such as the proportionate share of fair market rent from real estate to

which Marzo claims an equitable interest. The court notes that Marzo sought relief pursuant to partition Pa. R.C.P. 1551 *et. seq.* and did not seek relief pursuant to 68 P.S. §101.[2] 68 P.S. §101 provides a cause of action for an out-of- possession tenant in common to seek a proportionate part of the fair market rental value of real estate from the in-possession tenant in common. Significantly, a tenant in common may sue pursuant to 68 P.S. § 101 without seeking partition. However, in cases of partition, the rental value awarded pursuant to 68 P.S. § 101 shall be deducted from their distributive shares as appropriate given shares of any co-tenant or tenants. The court concludes that while 68 P.S. § 101 prescribes that the fair market rent awarded pursuant to 68 P.S. § 101 in cases of partition shall be deducted from distributed shares, it does not limit who may seek partition pursuant to Pa. R.C.P. 1551 *et. seq.* nor does it limit the type of relief available in partition. Instead, it provides a cause of action separate and apart from partition which Marzo did not pursue.

## ORDER

And now, this 12th day of June, 2014, upon consideration of defendant's preliminary objections, it is hereby ordered and directed that defendant's objections are overruled. Defendants shall fine and answer within twenty days pursuant to Pa. R.C.P. 1028(d). A separate scheduling order will be entered separately placing this matter on the court's September 2014 trial term.

---

2. Since Marzo did not file a complaint or cause of action pursuant to 68 P.S. § 101, Street's demurrer to such a cause of action is overruled. Street's further statement in that demurrer that there are no provisions under the law to seek a proportionate share of the fair market rental value of a property is discussed further in the body of the opinion.