J-S20017-22

2022 PA Super 120

| | | |
|---|---|---|
| SHAWN M. LARET | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIN K. WILSON, JOSEPH M. | : | No. 98 WDA 2022 |
| ZAPOTOCZNY AND JENNIFER L. | : | |
| ZAPOTOCZNY, HUSBAND AND WIFE | : | |

Appeal from the Order Entered December 22, 2021
In the Court of Common Pleas of Blair County
Civil Division at 2021GN 2999

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

OPINION BY MURRAY, J.:                    **FILED:  July 12, 2022**

Shawn M. Laret (Appellant) appeals from the trial court's order sustaining the preliminary objections filed by Erin K. Wilson (Wilson) in this action to partition real property Appellant and Wilson had agreed to purchase from Joseph M. Zapotoczny and Jennifer L. Zapotoczny (the Zapotocznys). We reverse and remand for further proceedings.

The trial court summarized the relevant case history as follows:

[] Appellant filed this [p]artition action on September 15, 2021. [Appellant] and Defendant [Erin K.] Wilson had entered into an [A]rticle of Agreement with [the Zapotocznys] to purchase real property. [Appellant] and [] Wilson resided together at the property until they ended their relationship and [Appellant] left the premises. The parties never completed payments under the Article of Agreement and [Appellant] was essentially seeking some credit for the money he paid under the Article of Agreement.

Preliminary [o]bjections were filed by [] Wilson on October 20, 2021. The basis of the preliminary objections was an

allegation that [Appellant] failed to state a cause of action in [p]artition as he was not a legal owner of the property. …

Trial Court Opinion, 2/9/22, at 1-2.

On December 22, 2021, the trial court sustained Wilson's preliminary objections and dismissed Appellant's partition action. Trial Court Order, 12/22/21. Appellant filed a motion for reconsideration, which the trial court denied on January 3, 2022. Thereafter, Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Did the trial court commit an abuse of discretion or render an error at law by granting a demurrer in the form of preliminary objections and dismissing Appellant's complaint, when [Wilson] failed to present any legal authority definitively stating that [Appellant], a party to a land sales contract, does not possess the right to proceed with a partition action, while Appellant did provide authority verifying these rights[?]

Appellant's Brief at 9 (some capitalization omitted).[1]

Appellant first challenges the trial court's grant of a demurrer, as Wilson presented no legal authority supporting her claim. *Id.* at 12. Appellant argues the trial court, relying on Wilson's "factual argument" that the parties were in default of the purchase agreement, improperly declared the agreement void based on the default. *Id.* According to Appellant, the trial court erred because (a) it failed to accept as true all averments in Appellant's complaint; (b) the

---

[1] Because of our disposition, we need not address the second issue listed in Appellant's brief.

case is not free of doubt; and (c) any doubt must be resolved in favor of Appellant, as plaintiff. *Id.*

Appellant further asserts that a party seeking to declare a default and foreclose on property must first issue an "Act 91 Default Notice"[2] describing the terms of the default and affording the purchaser(s) an opportunity to cure. *Id.* at 15. Appellant posits that, even where an Act 91 Default Notice is issued, the Zapotocznys could seek relief only through a foreclosure action. *Id.* at 13-14. Appellant cites *Anderson Contracting Co. v. Daughterty*, 417 A.2d 1227 (Pa. Super. 1979), as prohibiting a land sale contract from including a provision that declares the sales agreement void upon default. Appellant's Brief at 14.

> We initially observe our scope and standard of review:
>
> Our standard of review in [an] appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should

---

[2] Act 91 requires notice prior to the initiation of an action in mortgage foreclosure:

> (a) Before any mortgagee may accelerate the maturity of any mortgage obligation covered under this article, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the mortgage debtor for such mortgage obligation, such mortgagee shall give the mortgagor notice as described in section 403-C….

35 P.S. § 1680.402c(a).

- 3 -

be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

***Raynor v. D'Annunzio***, 243 A.3d 41, 52 (Pa. 2020) (citations omitted).

Our Supreme Court has long held: "An equitable title is sufficient in Pennsylvania, to recover upon in partition." ***Longwell v. Bentley***, 23 Pa. 99, 102 (Pa. 1854) (citing ***Willing v. Brown***, 7 Serg. & Rawle 467 (Pa. 1822)). In ***Smith v. Glen Alden Coal Co.***, 32 A.2d 227 (Pa. 1943), our Supreme Court explained:

> When a vendor sells land on a contract his interest in it ceases to be real estate. It becomes a chose in action, a personal demand for the consideration, money, . . . and the legal title is held only as security for the payment of the debt. **The vendee becomes in substance the owner of the estate.**

***Id.*** at 232 (emphasis added, quotation marks and citation omitted).

More recently, the Lycoming County Court of Common Pleas addressed a similar scenario. In ***Marzo v. Street***, 39 Pa. D. & C.5th 188 (C.C.P. Lycoming 2014), Benjamin Marzo (Marzo) and Vanessa Street (Street) executed an article of agreement to purchase real property, which included a building with three rental units, from Barbara Schramm (Schramm). ***Id.*** at 189-90. The agreement required Marzo and Street to purchase the property for $98,000, payable in monthly installments over a fifteen-year period. ***Id.*** at 189. Under the agreement, Schramm was to execute and deliver a deed conveying the property to Marzo and Street following their full payment of the $98,000 purchase price. ***Id.*** Marzo and Street resided together in one unit

at the property from 2003 until November 2007. *Id.* at 190. After November 2007, Street retained exclusive possession of the unit. *Id.*

Marzo filed a complaint for partition, to which Street filed preliminary objections. *Id.* at 189. The trial court overruled Street's preliminary objections, concluding that "an equitable interest is sufficient to recover in partition." *Id.* at 193. The trial court correctly observed:

> A complaint in partition must include a description of the property and a statement of the nature and extent of the interest of each party in the property….
>
> In the instant case, Marzo plead sufficient facts for the relief requested in partition pursuant to Pa.R.C.P. 1551 *et seq.* Specifically, Marzo pled that he has an equitable interest in real property pursuant to an Article of Agreement which was duly recorded against the property. Marzo included a description of the property and provided a statement of the nature and extent of the interest of each party in the property. Marzo alleged that over 50% of the payments due under the agreement have already been made. Marzo further averred that Street has been using and occupying part of the property to the exclusion of Marzo since November 2007. The relief sought by Marzo is that which the [c]ourt is required to address in a decision and order rendered pursuant to Pa.R.C.P. 1570 [(Decision and Order)]. Accordingly, this matter is not clear and free from doubt to warrant a dismissal; Marzo has sufficiently plead facts in support of the relief requested.

*Id.* at 193.

Here, Appellant similarly pled an interest in the property by virtue of the June 7, 2013, Article of Agreement. Complaint, 9/16/21, ¶ 5. In its February 9, 2022, Opinion, the trial court recognized its error in sustaining Wilson's preliminary objections:

> [W]hile it is clear that [Appellant] does not have legal title to the property at issue, he does maintain an equitable interest in the property pursuant to the Article of Agreement that he entered into along with [] Wilson. This equitable interest is sufficient to allow him to pursue an action in partition in accordance with the long-standing law of this Commonwealth. *See* 23 Standard Pa. Practice 2d 122:19, *Hanna v. Clark*, 4 A. 981 (Pa. 1899).
>
> ….
>
> Accordingly, [the c]ourt recognizes and acknowledges an error of law in our Opinion and Order of December 22, 2021, in which the preliminary objections in the nature of a demurrer were granted and in the missed opportunity to rectify the same through the Motion for Reconsideration. . . . [The trial court] respectfully requests [the] Superior Court to remand this action to allow the partition action to move forward in accordance with the law.

Trial Court Opinion, 2/9/22, at 5-6.

Because Appellant's complaint sufficiently pled an interest in the property, *see Longwell*, *supra*, we agree that the trial court erred in sustaining Wilson's preliminary objections and dismissing Appellant's complaint. Accordingly, we reverse and remand for further proceedings.

Order reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2022