J-S41015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| DONTISSA WILMER | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AT&T, INC. | : | No. 1405 EDA 2025 |

Appeal from the Order Entered May 23, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  250302342

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 20, 2026**

Dontissa Wilmer ("Ms. Wilmer") appeals *pro se* from the order sustaining the preliminary objections ("POs") filed by AT&T, Inc. ("AT&T"), and dismissing her complaint with prejudice.  We affirm in part, vacate in part, and remand with instructions.

This matter arose from an action filed in the municipal court of Philadelphia, wherein Ms. Wilmer alleged that AT&T illegally tampered with her phone.  Upon a decision in AT&T's favor, Ms. Wilmer appealed to the Court of Common Pleas of Philadelphia County.  Her complaint alleged the following facts.  On November 28, 2023, Ms. Wilmer began to discover "unauthorized activity on her AT&T account, including the addition of unknown devices and

_____

[*] Retired Senior Judge assigned to the Superior Court.

phone lines, unauthorized access to her account, and excessive data usage not attributable to [her] or her authorized users." Complaint, 4/4/25, at ¶ 6. She contended that AT&T "illegally tampered with her account, resulting in the compromise of her personal information, phone lines, and associated devices." *Id*. at ¶ 7. Such activity included, *inter alia*, "[t]he presence of an unknown gamer . . . using [her] data[;]" text messages and calls that Ms. Wilmer did not initiate but appeared on her phone logs; "[c]orrespondence with [an] AT&T Office of the President Escalation and Process Improvement employee, whose email attachments and voicemail caused [her] phone to malfunction[;]" outgoing calls being "diverted" from her phone; and the deactivation of a "turn on this line" feature, even though her account was in good standing, resulting in the inability to make phone calls. *Id*. at ¶ 8.

Ms. Wilmer claimed breach of contract, negligence, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Her breach of contract action asserted that she and AT&T "entered into a contractual relationship . . . for telecommunications services, which included an implied duty to provide secure and reliable service" and that "AT&T breached this contract by failing to safeguard [her] account[.]" *Id*. at ¶¶ 12-13. As to the negligence claim, Ms. Wilmer stated that "AT&T owed [her] a duty of care to protect her account and personal information from unauthorized access and tampering . . . through AT&T's service obligations" and it "breached this duty by negligently managing [her] account[,] . . .

allowing unauthorized devices to be added[,] and failing to implement adequate security measures." *Id*. at ¶¶ 16-17. Finally, she averred that AT&T violated the UTPCPL because its "actions constitute[d] unfair or deceptive acts or practices . . ., including but not limited to failing to provide secure services and misrepresenting the security of [her] account." *Id*. at ¶ 20. With respect to damages, Ms. Wilmer did not set forth a demand for a particular monetary amount. Instead, she asserted that she was unable to make or receive calls and text messages and suffered financial harm, emotional distress, invasion of privacy, and the loss of communication, photos, files, and documents. *Id*. at ¶ 10.

AT&T filed POs. Therein, it averred that the complaint failed to comply with multiple Rules of Civil Procedure, including: omitting the purported written or oral contract as required by Pa.R.Civ.P. 1019(h)-(i); neglecting to plead a cause of action and damages thereto in separate counts in accordance with Pa.R.Civ.P. 1020(a); and failing to include a signed verification pursuant to Pa.R.Civ.P. 1024. Although Ms. Wilmer did not attach any contract to her complaint, AT&T appended a Consumer Service Agreement to its POs, which it stated was the only written agreement between the parties. Additionally, AT&T submitted POs in the nature of a demurrer as to each claim in accordance with Pa.R.Civ.P. 1028(a)(4). It asserted that Ms. Wilmer merely recited the elements of each claim without setting forth adequate factual bases in support. Ms. Wilmer did not amend her complaint or respond.

The court issued an order sustaining each of AT&T's POs and dismissing the complaint with prejudice. This timely appeal followed, and the court and Ms. Wilmer complied with the requirements of Pa.R.A.P. 1925. She raises the following questions for our consideration:

> 1. Did the trial court err in sustaining AT&T's [POs] under Pa.R.Civ.P. 1020(a), 1024, 1019(h)-(i), and 1028(a)([4]), where the complaint sufficiently pleaded causes of action for breach of contract, negligence, and violation of the UTPCPL, and any procedural defects were curable?
>
> 2. Did the tr[ia]l court err in sustaining [POs] and dismissing the complaint with prejudice based on formal and technical defects, including the complaint's formatting and lack of verification, where such defects are generally deemed curable by amendment under Pennsylvania law, consistent with the principle of resolution on the merits?
>
> 3. Did the trial court err in sustaining the demurrer where the factual allegations in the complaint, regarding AT&T['s] alleged failure to provide secure services and the resulting unauthorized account access for [Ms. Wilmer], were legally sufficient to establish viable claims for breach of contract, negligence, and violations of the [UTPCPL]?
>
> 4. Did the tr[ia]l court err in sustaining [POs] dismissing the complaint with prejudice based on formal and technical defects, including [the] complaint's formatting and lack of verification, where such defects are generally deemed curable by amendment under Pennsylvania law, consistent with the principle favoring resolution on the merits?

Ms. Wilmer's brief at 2-3 (unnecessary capitalization omitted).

Since the trial court's Rule 1925(a) opinion focused upon the legal sufficiency of the complaint, we tailor our review to the following principles:

> Our standard of review in an appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a

demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

*Laret v. Wilson*, 279 A.3d 56, 58 (Pa.Super. 2022) (cleaned up). However, "a court need not accept as true conclusions of law, unwarranted inferences, or expressions of opinion." *Taylor v. Pennsylvania State Corrections Officers Assn.*, 291 A.3d 1204, 1209 (Pa.Super. 2023) (cleaned up).

As to Ms. Wilmer's ability to amend her complaint:

Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

*In re Estate of Luongo*, 823 A.2d 942, 969 (Pa.Super. 2003) (cleaned up). Furthermore, "[t]he right to amend should be liberally granted, absent an error of law or resulting prejudice to an adverse party." *Kuwait & Gulf Link Transport Co. v. Doe*, 216 A.3d 1074, 1093 (Pa.Super. 2019).

To support a breach of contract claim, "a plaintiff must plead: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage." *Presbyterian Med. Ctr.*

*v. Budd*, 832 A.2d 1066, 1070 (Pa.Super. 2003) (citation omitted).  To state a *prima facie* case of negligence, a plaintiff must assert that "there is a breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant[.]" *Jordan v. Pennsylvania State U.*, 276 A.3d 751, 771 (Pa.Super. 2022) (cleaned up).  Finally, the UTPCPL requires a litigant to preliminarily aver:  "1) that he or she is a purchaser or lessee; 2) that the transaction is dealing with goods or services; 3) that the good or service was primarily for personal, family, or household purposes; and 4) that he or she suffered damages arising from the purchase or lease of goods or services." *Fazio v. Guardian Life Ins. Co. of Am.*, 62 A.3d 396, 409 (Pa.Super. 2012) (cleaned up).  To prevail on a UTPCPL claim, "a plaintiff must then prove the following:  1) the defendant was engaged in unfair methods of competition and unfair or deceptive acts or practices, and 2) the transaction between plaintiff and defendant constituted trade or commerce within the meaning of the UTPCPL." *Id*. (cleaned up).

In its opinion, the trial court did not address the deviations from the Rules of Civil Procedure, other than the failure to attach the Consumer Service Agreement.  Instead, it focused on the legal sufficiency of each cause of action.  First, the court explained that the breach of contract claim was deficient because Ms. Wilmer neglected to "provide any information relating to the contract itself," and "there [were] no allegations in the [c]omplaint that state[d] why or how any action or inaction by AT&T would constitute a

breach." Trial Court Opinion, 8/11/25, at 2-3. It maintained that "[t]he who, what, where, when, and/or how connected to AT&T's alleged tampering [wa]s nowhere to be found in the [c]omplaint." *Id*. at 3. As to the negligence action, the court concluded that it was improperly duplicative of Ms. Wilmer's breach of contract claim because it did "not point to any independent duty imposed upon AT&T that d[id] not arise from the contract itself." *Id*. at 3-4. With respect to the purported violation of the UTPCPL, the trial court held that this claim was fatally deficient for neglecting to "plead with specificity any material facts to support" it. *Id*. at 4. Finally, the court concluded, without elaboration, that amendment would be futile because "Ms. Wilmer has failed to assert any cognizable cause of action." *Id*. at 3.

Ms. Wilmer contends in her principal brief that the trial court erred in sustaining AT&T's preliminary objections and dismissing her complaint with prejudice because any defects could have been remedied upon leave to amend. *See* Ms. Wilmer's brief at 7-9, 11-12. She argues that her complaint sufficiently alleged breach of contract, negligence, and violation of the UTPCPL by averring that she and AT&T had an agreement whereby AT&T promised secure cell service, and it breached that duty by failing to safeguard her account. *Id*. at 10-11. For the first time, Ms. Wilmer alleges that she has suffered $8,086.14 in damages as to the breach of contract and negligence claims, and $1,500 for the UTPCPL action. *Id*. Also, Ms. Wilmer maintains that she did not have an obligation to append the contract at issue because it

- 7 -

is "AT&T's own standard agreement, presumably in its possession, relieving [her] of the obligation to attach it." *Id*. at 9.

For its part, AT&T contends that the trial court did not abuse its discretion in dismissing the complaint with prejudice because Ms. Wilmer failed to state any cognizable claims. *See* AT&T's brief at 6. AT&T maintains that allowing leave to amend would be futile because Ms. Wilmer neglected to plead specific facts to support her assertions or give an indication of facts on which a cause of action could be based. *Id*. at 13. It further asserts that Ms. Wilmer neglected to amend her complaint as a matter of right after AT&T had filed its POs "presumably because she understood that her [c]omplaint would still de dismissed because of the substantive and incurable defects in her claims." *Id*. at 14. *See also* Pa.R.Civ.P. 1028(c)(1) ("A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections.").

In her reply brief, Ms. Wilmer responds that "it cannot be said that it is clear and free from doubt that [she] would be unable to plead a viable cause of action with more specific facts." Ms. Wilmer's reply brief at 4. Although she insists that she has pled the "core elements" of each of her claims, she explains that AT&T's "demands for specific details regarding the who, what, when, where, and how are matters of specificity that are properly addressed through an amended pleading." *Id*. at 6. Ms. Wilmer also states that the fact that she did not amend her complaint or respond to the POs before the court

dismissed the complaint "does not retroactively validate the court's erroneous decision to dismiss the entire case with prejudice," and does not amount to a "concession" that the deficiencies could not be cured. *Id*. at 2-3.

Upon review, we conclude that while the trial court did not err in sustaining the POs for Ms. Wilmer's failure to attach a contract or assert valid causes of action, it abused its discretion by then dismissing the complaint with prejudice. Specifically, the complaint is legally deficient because it is missing essential elements as to each cause of action and specific facts in support. For example, the breach of contract claim fails to include or reference the contract at issue, which Ms. Wilmer had the obligation to attach, or its relevant terms. *See* Pa.R.Civ.P. 1019(h)-(i). The complaint also fails to explain how AT&T breached the contract, or how its activity resulted in the claimed damages. The negligence action likewise omits a legally recognized duty and by what means AT&T's purported breach caused the injuries. Furthermore, the UTPCPL claim is entirely conclusory. Unlike factual averments, this Court does not accept as true conclusions of law. *See Taylor*, 291 A.3d at 1209.

Nevertheless, there is "some reasonable possibility" that each of these deficiencies could be remedied by amendment. *See In re Estate of Luongo*, 823 A.2d at 969. Notably, the trial court's Rule 1925(a) opinion neglects to explain why amending the complaint would be futile, beyond recognizing its current deficiencies. The fact that the complaint fails to state a valid cause of action does not inherently mean that Ms. Wilmer could never do so through

modification. Indeed, the concept of amendment would be meaningless if the initial iteration of a complaint was the one and only chance to assert a claim. With leave to amend, Ms. Wilmer could remedy the technical deficiencies of her first complaint, attach the contract AT&T provided in its POs, and allege more specific facts to support the elements of each cause of action. Taking the drastic step of ousting Ms. Wilmer from court, without a proper analysis as to why amendment would be impossible, amounts to an abuse of discretion. *Id*.

Our decision has no bearing on the ultimate viability of Ms. Wilmer's claims. We simply observe the difficulty, on this sparse record, of concluding that it would be futile to allow Ms. Wilmer leave to amend. Moreover, it bears emphasizing that courts need not grant endless opportunities to cure deficiencies. *See Stempler v. Frankford Tr. Co.*, 529 A.2d 521, 524–25 (Pa.Super. 1987) ("The liberality in allowing amendments must not be construed to permit amendments at any time where ample opportunity is given to amend a pleading and a party refuses to do so but persists in its claim that a cause of action has been set forth.").

In sum, although the court properly sustained AT&T's POs, it abused its discretion when it dismissed Ms. Wilmer's complaint with prejudice before giving her a single opportunity to amend. Therefore, we affirm the order insofar as it sustained AT&T's POs and dismissed the complaint, but vacate the portion that dismissed with prejudice. We also remand with instructions

for the trial court, upon remittal of the certified record, to grant Ms. Wilmer leave to amend her pleading within twenty days, or such other timeframe that the court deems appropriate. **See** Pa.R.Civ.P. 1028(e) ("If the filing of an amendment, an amended pleading or a new pleading is allowed or required, it shall be filed within twenty days after notice of the order or within such other time as the court shall fix.").

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2026