J-A19023-23

2024 PA Super 7

| FRANCIS LINN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA PERROTTI | : | No. 2808 EDA 2022 |

Appeal from the Order Entered October 5, 2022
In the Court of Common Pleas of Wayne County
Civil Division at No: 2022-00140

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.: **FILED JANUARY 18, 2024**

Francis Linn appeals, *pro se*, an order of the Court of Common Pleas of Wayne County (trial court) sustaining the preliminary objections of his former spouse, Maria Perrotti, and dismissing his complaint with prejudice. In 2019, Linn and Perrotti entered a settlement agreement in which they stipulated to the equitable distribution of their property upon the dissolution of their marriage. Linn filed a complaint in 2022, alleging that Perrotti had misrepresented her assets when negotiating the settlement agreement, justifying the creation of a constructive trust funded by the proceeds of a sale of Perrotti's residence. The complaint was dismissed on the ground that a party must "hold title" to the property put into a constructive trust. Because that legal determination was erroneous, the order on review must be vacated.

---

[*] Retired Senior Judge assigned to the Superior Court.

Linn and Perrotti were married in 2000. On May 13, 2019, they finalized their divorce and entered into a property settlement agreement to equitably distribute their property. They agreed that Perrotti was the sole owner of a residence located at 7 Tunes Brook Drive in Brick, New Jersey. It was further stipulated that Linn would be awarded $30,000.00 out of the sum obtained from the sale of the home, and that Perrotti would receive the remaining proceeds, the amount of which was not specified.

Linn filed a complaint about three years later, claiming damages in the amount of $271,000.00 due to Perrotti's non-disclosure of assets in the prior divorce action. One such alleged non-disclosure was Perrotti's use of marital funds to pay the mortgage on the New Jersey home, which Linn claimed was sold for $220,000.00. Linn requested the creation of a constructive trust funded by those proceeds, invoking 23 Pa.C.S. § 3505(d) of the Divorce Code, which authorizes the imposition of a constructive trust where a party has failed to disclose assets during an equitable distribution.

Perrotti filed preliminary objections in the nature of a demurrer, asserting that Linn's complaint contained a single count (constructive trust), which could not be granted because Linn sought to fund the trust with the proceeds of the sale of a home to which neither party held title. The trial court held a hearing on the preliminary objections on October 5, 2022. Linn recounted a series of discoveries he made subsequent to the execution of the settlement agreement concerning Perrotti's surreptitious use of martial funds,

and the concealment of financial information which reduced his awarded share of the marital property. Perrotti's counsel reiterated that Linn had improperly requested a constructive trust because the New Jersey home previously owned by Perrotti had already been sold, and a party must hold title to property in order for such a trust to be created.

On the same afternoon as the hearing, the trial court entered a boilerplate order sustaining Perrotti's preliminary objections. A footnote within the order provided only that the action for a constructive trust was without merit because neither party "owns or holds an interest in the assets" that Linn asked to be held in a constructive trust. **See** Trial Court Order, 10/5/2022, at 1 n.1.

Linn did not timely file a 1925(b) statement of issues complained of on appeal, though in his untimely statement, he clearly asserted that the trial court had erred as a matter of law in ruling that a constructive trust was not a viable remedy. In its 1925(a) opinion, the trial court offered no elaboration except for a reference to the above-mentioned footnote in the order entered on October 5, 2022.

Further, the trial court stated that any potential appellate claim would be waived by Linn due to the untimeliness of his 1925(b) statement. Perrotti then filed an application with this Court to quash Linn's appeal on that same ground, and a ruling on the application was deferred pending our present disposition. The waiver claims were repeated in Perrotti's appellate brief.

On review of an order sustaining a preliminary objection in the nature of a demurrer, we must determine "whether, on the facts averred, the law says with certainty that no recovery is possible." **Bruno v. Erie Ins. Co.**, 106 A.3d 48, 56 (Pa. 2014). Pure questions of law are reviewed *de novo*. **See id**.

At the outset, we find that Linn did not waive his appellate rights. The record reflects that the trial court's order directing Linn to file a 1925(b) statement did not specify where Linn could mail or serve his statement in person, as is required by Pa.R.A.P. 1925(b)(3)(iii). It would be inequitable to deem issues waived on appeal due to the untimely filing of a 1925(b) statement where the trial court's order to file the statement does not comport with the requirements of Rule 1925(b). **See Berg v. Nationwide Mut. Ins. Co.**, 6 A.3d 1002, 1011 (Pa. 2010). For that same reason, Perrotti's application to quash the appeal is denied.[1]

We now turn to the merits of Linn's appellate claim that the trial court committed an error of law in sustaining the preliminary objection in the nature of a demurrer. The trial court's ruling was predicated on the assumption that Linn's requested remedy of a constructive trust could not be granted as a

---

[1] Perrotti also cited a number of technical deficiencies in Linn's brief, such as its lack of a cover page, pagination, and conclusion stating the precise relief sought. Although Linn's brief indeed fails to conform to the Pennsylvania Rules of Appellate Procedure in several respects, we decline to quash the appeal in light of our disposition, as well as our policy of liberally construing materials filed by a *pro se* litigant. Moreover, it would be unfair to quash Linn's appeal for nonconformity with the rules when the trial court's 1925(a) "opinion" and 1925(b) order are likewise deficient.

matter of law. Without citing to any controlling legal authority for that conclusion, the trial court dismissed Linn's complaint with prejudice.

The trial court has expansive equitable powers, including the ability to impose a constructive trust. *See Kimball v. Barr Township*, 378 A.2d 366, 368 (Pa. Super. 1977). Such relief may be granted where "a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Id*.

"A constructive trust, it has often been said, is not really a trust at all but rather an equitable remedy" which is "flexible and adaptable." *Id*. Even where a party has claimed an equitable right to a sum of money, as opposed to title to tangible or real property, a "classic case for the imposition of a constructive trust" may arise if it is needed to avoid an injustice. *Id*. (imposing constructive trust upon Appellant in the amount of $5,500 to ensure Appellee's compensation for unpaid earnings).

Our Supreme Court has applied that rationale in the context of a domestic relations case, holding that a constructive trust could be funded by a portion of the insurance proceeds paid to one former spouse after the marital home was completely destroyed by a fire. *See Beamer v. Beamer*, 479 A.2d 485 (Pa. 1984). In line with the flexible and adaptable nature of equitable relief, there was no need in that case for a party to hold title to real property,

*see id*., and significantly, subsection 3505(d) of the Divorce Code says nothing to the contrary.[2]

The trial court erred in the present case by ruling that Linn was ineligible for a constructive trust. It was irrelevant that Perrotti did not hold title to the property which was the basis of the equitable relief Linn had requested. Assuming that Linn could satisfy the other elements of a constructive trust (which was never ruled upon), the trial court in fact had authority to impose a constructive trust using the proceeds of the home sale. Thus, because the trial court evidently dismissed Linn's complaint based on a misapprehension

_____

[2] The statute reads as follows:

> **Constructive trust for undisclosed assets.--**If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S. § 3505(d).

of law, we are compelled to vacate the order of dismissal and remand the case for further proceedings consistent with this opinion.[3]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Pellegrini joins the opinion.

Judge Bowes concurs in the result.

This decision was reached prior to the retirement of Judge Pellegrini.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/18/2024

---

[3] In passing, we note that both the trial court and Perrotti's counsel had commented at the hearing on Perrotti's preliminary objections that Linn had used the wrong type of pleading to request a constructive trust, and that he had done so in the wrong forum. The parties also alluded to recent proceedings in which Linn made similar allegations to those here, barring him from relitigating those claims before the trial court. Since those issues were not briefed or mentioned in the 1925(a) opinion, we cannot address them here. The trial court may, of course, entertain those additional grounds on remand, as provided by law.