J-A15025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BELL-MARK TECHNOLOGIES CORPORATION V. TERRY SWIFT, ADMINISTRATOR OF THE ESTATE OF DALE A. MILLER A/K/A DALE ARTHUR MILLER, DECEASED, FORCE PRODUCTS, TERRY SWIFT, ADMINSTRATOR OF THE ESTATE OF DALE A. MILLER, A/K/A DALE ARTHUR MILLER, DECEASED, T/A FORCE PRODUCTS, SANDRA MILLER, MILLER EQUESTRIAN FARM, LLC, GARRY STINSON, AND JOHN DOES 2-10 | : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 1424 MDA 2023 |
| | : : | |
| APPEAL OF: SANDRA MILLER AND MILLER EQUESTRIAN FARM, LLC | : : | |

Appeal from the Order Entered September 8, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-002743

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                **FILED: SEPTEMBER 27, 2024**

Sandra Miller and Miller Equestrian Farm, LLC (collectively, "Appellants")

appeal from the order entered by the York County Court of Common Pleas

("trial court") granting a preliminary injunction[1] in favor of Bell-Mark

---

[*] Former Justice specially assigned to the Superior Court.

[1] As noted in more detail infra, the trial court entered a preliminary injunction, not a constructive trust.  ***See*** Trial Court Opinion, 1/31/2024, at 22, 24.

Technologies Corporation ("Bell-Mark") and against Appellants.[2]  Appellants argue that the trial court erred in imposing a preliminary injunction without holding a hearing and failing to require Bell-Mark to post a bond.  Appellants further argue that the trial court erred in requiring them to produce an accounting over a twenty-year period.  Upon careful review, we vacate the trial court's order and remand for a hearing.

Underlying the instant case is the embezzlement of nearly nine million dollars by Dale A. Miller ("Miller") from Bell-Mark.  Bell-Mark employed Miller from January 2, 1990, until his death on September 7, 2022.  During his employment with Bell-Mark, Miller's salary ranged from $95,973.29 to $153,737.11.  While employed by Bell-Mark, Miller formed a partnership with Garry Stinson ("Stinson"), Miller's brother-in-law, identified as "Force Products."  Notably, Force Products did not have an office and operated from a post office box registered to Miller in York, Pennsylvania.

From 2003 through 2022, Force Products submitted 628 invoices to Bell-Mark for various items.  Bell-Mark paid Force Products a total of $8,608,928.32 for the items.  Force Products deposited the Bell-Mark payments into a Citizens Bank account in the name of "Dale A. Miller DBA Dale A. Miller Force Products."

During this time, Miller was married to Sandra Miller.  Miller and Sandra Miller filed joint tax returns and reported income from Force Products on their

---

[2] We note that an order entering a preliminary injunction is an interlocutory order, which is appealable as of right.  *See* Pa.R.A.P. 311(a)(4).

returns. Miller used funds from the Citizens Bank account for his and Sandra Miller's personal expenditures.

In August 2022, the Chief Financial Officer of Bell-Mark found a suspicious invoice from Force Products. Following an investigation, Bell-Mark discovered that it had no inventory from Force Products. After confronting Miller, he admitted the fraud and later died by suicide at a Bell-Mark facility.

On November 5, 2022, Bell-Mark filed a complaint against Terry Swift ("Swift"), Administrator C.T.A. of the Estate of Dale A. Miller a/k/a Dale Arthur Miller, deceased; Swift, Administrator of the estate of Dale A. Miller, a/k/a Dale Arthur Miller, deceased, t/a Force Products (together, "the estate defendants"); Force Products; and Appellants. The complaint alleged that Miller embezzled more than $8,608,928.32 from Bell-Mark[3] and contained causes of action for, inter alia, conversion, fraud, civil conspiracy, unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, constructive trust, and accounting in equity. On January 26, 2023, Bell-Mark filed an amended complaint adding Stinson as a party.

The estate defendants filed an answer, admitting various factual allegations, including the fraud committed by Miller, that Bell-Mark paid Force Products based on the false invoices from 2003 to 2022, and that the gains

---

[3] The York County District Attorney's Office filed a motion to freeze the bank account and any safe deposit boxes held by Miller and Force Products at Citizens Bank. The trial court granted the motion on September 9, 2022.

were used for Miller's personal benefit and the benefit of Appellants and Stinson. Swift further admitted on behalf of the estate various counts in Bell-Mark's amended complaint.

Appellants filed an answer with new matter to Bell-Mark's amended complaint. On April 10, 2023, Bell-Mark filed a reply to Appellants' new matter. Stinson also filed an answer with new matter to Bell-Mark's amended complaint. Bell-Mark filed a response. During the pleading phase, Bell-Mark and Appellants exchanged requests for production of documents.

On July 20, 2023, Bell-Mark filed a motion for summary judgment against all the defendants, including Appellants and Stinson. As part of the motion, Bell-Mark sought the entry of a constructive trust. Appellants filed a response in opposition to Bell-Mark's motion for summary judgment. Stinson also filed an answer in opposition to Bell-Mark's motion. The estate defendants filed an answer to Bell-Mark's motion, admitting most of the averments in the motion. In the interim, on September 7, 2023, Bell-Mark filed a petition for injunctive relief, requesting an injunction against Sandra Miller following her alleged sale of real estate.

On September 8, 2023, the trial court entered summary judgment in favor of Bell-Mark for $8,608,924.32 against the estate defendants. As part of this order, the trial court granted Bell-Mark's request for a constructive trust against these specific defendants. The trial court further noted that the docket indicated there was a pending petition seeking a preliminary injunction against

Appellants and Stinson before a different judge. The trial court did not issue a ruling on Bell-Mark's motion for summary judgment concerning Appellants and Stinson. Nevertheless, Appellants filed a notice of appeal from the order imposing the constructive trust. Subsequently, on October 12, 2023, the day of the hearing on the preliminary injunction, the trial court denied Bell-Mark's petition for injunctive relief. The trial court found that the grant of the constructive trust, which, inter alia, prevented the sale of the real estate at issue, rendered the request for injunction moot.

Thereafter, Bell-Mark filed a motion to clarify the September 8, 2023 order. On October 31, 2023, the trial court issued an order clarifying its September 8, 2023 order. Specifically, the trial court found that although summary judgment was entered solely against the estate defendants, the entry of the constructive trust was against all defendants, including Appellants and Stinson. The trial court amended the order as follows:

1. The Court IMPRESSES a constructive trust upon all the right, title, and interest in the funds purloined by Dale A. Miller, Deceased, as an employee of Bell-Mark, during his employment, wherever such funds may be located or with respect to any assets which may have been acquired with such funds, by transmutation or otherwise, in the possession of the Estate, or in the possession of Force Products, or in the possession of Sandra Miller, or in the possession of Miller Equestrian Farm, LLC, or in the possession of Garry Stinson, or in the joint possession with any other named Defendant, or with any unnamed third party.

2. Defendants shall not mortgage, sell, lease, transfer, grant, convey or otherwise encumber or dispose of any such property whatsoever, unless and until payment in full of the monies due

- 5 -

and owing to Bell-Mark, in an amount to be determined, are paid first or upon further order of Court.

3. Defendants are further specifically precluded and prevented from taking any action whatsoever with respect to their legal right, title, and interest in and to such property, subject to the same condition set forth in the preceding paragraph.

… We confirm that it was and remains our intent that our Order [i]mpressing a [c]onstructive [t]rust imposed a constructive trust against all named Defendants, including the Defendants who have filed a notice of appeal, and that such order prevents the sale of the property for which request for a preliminary injunction was sought.

Order, 10/31/2023, at 2-3 (emphasis in original).

On appeal, Appellants raise the following questions for our review:

A. May Appellants file an interlocutory appeal as of right of an order impressing a constructive trust on Appellants' assets prior to judgment that is the functional equivalent of an order granting a preliminary injunction?

B. Did the trial court err by imposing a preliminary injunction in the form of a constructive trust on Appellants, in response to a premature motion for summary judgment, without a hearing or development of the record through discovery?

C. Did the trial court err by imposing a preliminary injunction in the form of a constructive trust without requiring a bond from [Bell-Tech]?

D. Did the trial court err by imposing a preliminary injunction in the form of a constructive trust when money damages could adequately compensate [Bell-Tech], [Bell-Tech's] right to relief was not clear, and the injunction was not reasonably proportionate to appellants' alleged wrongdoing?

E. Did the trial court err in requiring a detailed 20-year accounting of [Bell-Tech's] assets without a hearing and when the accompanying preliminary injunction was improper as a matter of law?

Appellants' Brief at 5.

Preliminarily, we must determine whether the trial court entered a preliminary injunction or a constructive trust. While the motion of summary judgment and the trial court's order cites the entry of a constructive trust, in its opinion, the trial court indicates that it entered a preliminary injunction in favor of Bell-Mark, not a constructive trust. **See** Trial Court Opinion, 1/31/2024, at 22 (Acknowledging that the trial court "may have been less than meticulous in using the term 'constructive trust' too broadly. We entered the constructive trust as being within the framework of the relief requested in the motion for summary judgment, but which is actually a preliminary injunction to prevent and preclude Appellants from dissipating any of the ill-gotten gains on an interim basis until final hearing."), 24 (noting that Bell-Tech "misnamed" its request for relief as a constructive trust as it was seeking a preliminary injunction).[4]

A preliminary injunction is a temporary order issued by a court "to preserve the status quo and prevent imminent and irreparable harm which might occur before the merits of the case can be heard and determined." ***Constantakis v. Bryan Advisory Servs., LLC***, 275 A.3d 998, 1016-17 (Pa.

---

[4] Appellants' claims are premised on the entry of a preliminary injunction, not a constructive trust. **See, e.g.,** Appellants' Brief at 16 (stating that the trial court "procedurally and substantively" imposed a preliminary injunction). Bell-Mark addresses the claim under both the constructive trust and preliminary injunction constructs. **See, e.g.,** Appellee's Brief at 23-24.

Super. 2022) (citation omitted). A constructive trust, on the other hand, is an equitable remedy wherein "a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Linn v. Perrotti*, 308 A.3d 885, 889 (Pa. Super. 2024). It "is not really a trust at all but rather an equitable remedy which is flexible and adaptable." *Id.* (citation and quotation marks omitted). "[B]efore a constructive trust can arise, it is necessary that the owner of the property must have acquired title to it in some way that creates the equitable duty in favor of the person who would benefit from the trust." *Shoemaker v. Lehigh Twp.*, 676 A.2d 216, 220 (Pa. 1996). "[T]he imposition of a constructive trust is appropriate only where the defendant has no right whatsoever to the property he holds in violation of the plaintiff's rights." *Kern v. Kern*, 892 A.2d 1, 8 (Pa. Super. 2005)

Thus, a preliminary injunction is a temporary preventive measure to maintain the status quo during litigation, whereas a constructive trust reallocates rights to certain property to prevent unjust enrichment based upon equitable principles. These two legal theories provide distinct legal remedies and are invoked under different conditions. As the record reflects, and the trial court's opinion makes clear, the trial court was plainly intending to maintain the status quo pending the resolution of the claims, and the entry of its order was precipitated by Appellants' attempt to sell real property. Indeed, the trial court has not decided Bell-Mark's motion for summary judgment

against Appellants and has not made a specific finding that Appellants hold property in violation of Bell-Mark's rights. *See Kern*, 892 A.2d at 8. In fact, the trial court has made no finding as to whether Appellants possess any of the stolen funds or property bought with these funds, and there was no direction to reallocate any property in the order. Therefore, we conclude that the trial court entered a preliminary injunction in favor of Bell-Mark, and we will address the claims before this Court under this construct.

> We review orders granting preliminary injunctions for [an] abuse of discretion. We do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the trial court. The trial court has apparently reasonable grounds to grant a preliminary injunction when the moving party meets six prerequisites: (1) an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it, and, concomitantly, issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the moving party is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) an injunction will not harm the public interest.

*Matenkoski v. Greer*, 213 A.3d 1018, 1025 (Pa. Super. 2019) (citations, brackets, and quotation marks omitted).

The trial court explained its decision to grant the preliminary injunction as follows:

We believe that Bell-Mark has properly established all the prerequisites necessary entitling it to the relief we granted on the papers. We believe that all salient facts necessary to prove Bell-Mark's entitlement to preliminary injunctive relief have been met by Appellants' admissions … and that the factual record was sufficiently developed by the pleadings alone, enabling the [c]ourt to make such ruling. We reiterate that we did not make a final decision but only an interim order preventing the dissipation of assets by Appellants, and only as to those assets which were acquired through the [Miller's] fraud and malfeasance, that is, transmuted funds. Finally, we do believe that Bell-Mark is likely to prevail on the merits.

\* \* \*

The admissions of record clearly establish that Appellants have been unjustly enriched. The record also establishes that Bell-Mark has established all the elements necessary entitling it to a preliminary injunction as follows: (1) the relief imposed of maintaining the status-quo is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages as more fully articulated at paragraph 7 below; (2) greater injury will occur from refusing to grant the injunction than from granting it as Bell-Mark will likely be placed in the unenviable position of no longer having a source of assets and funds from which to be made whole; (3) the injunction merely maintains the status-quo currently existing (it does not attempt to restore the status-quo existing before the alleged wrongful conduct); (4) Bell-Mark is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity of Appellants' continuing use of ill-gotten gains at variance with Bell-Mark's rightful ownership and (6) the public interest will not be harmed if the injunction is granted.

We also believe the order as entered not only meets the preliminary injunction standard but was also a reasonable use of our broad equitable power to fashion proper interim remedies to protect the parties during the course of the litigation.

Trial Court Opinion, 1/31/2024, at 21, 22-23 (footnote added).

Appellants argue that the trial court abused its discretion by failing to hold a hearing before granting the preliminary injunction. Appellants' Brief at

16, 22. Appellants contend that courts may only enter a preliminary injunction without a hearing if "there are demonstrable exigent circumstances that would render the delay associated with a hearing impractical and harmful." *Id.* at 17; *see also id.* at 22. Appellants highlight that the trial court granted the preliminary injunction over eleven months after the filing of Bell-Mark's complaint, which demonstrated there was no urgency requiring the immediate issuance of the injunction without a hearing or danger of any dissipation of assets. *Id.* at 18, 19. To that end, Appellants argue that because the pleadings in the case had just closed and its case with Bell-Mark was in the early stages of litigation, the "significant passage of time indicated that allegations underlying the [a]mended [c]omplaint did not require immediate action without which irreparable harm could be considered likely to occur." *Id.* at 18-19.

Appellants further note that while the petition for injunctive relief raised the sale of real estate as the basis for the petition, such a claim was not part of the motion for summary judgment (which was the pleading pending before the trial court). *Id.* at 19. The petition seeking an injunction had been assigned to another judge, who had scheduled a hearing on the petition, when the trial court granted summary judgment as to the estate defendants and with it the injunction as to all defendants. *Id.* Appellants assert that had there been any urgency in this case, the other judge would not have scheduled

a hearing. *Id.* Appellants note that the trial court made no findings as to exigency. *Id.* at 20 (citing Pa.R.Civ.P. 1531(a)).

Appellants also rebut the reasoning in the trial court's Rule 1925(a) opinion that a hearing was not required because of the admissions in the pleadings, contending that the trial court ignored the fact it had not entered any decision on the summary judgment motion against Appellants. *Id.* at 20-21; *see also id.* at 21 (noting Bell-Mark's case against Appellants was still in discovery); Appellants' Reply Brief at 2 (arguing that the "admissions by the [estate defendants] to [Bell-Mark's] various inculpatory averments are not binding in their import upon Appellants, as completely distinct parties to the underlying litigation"). According to Appellants, "there clearly remained a factual dispute between the parties about genuine issues of fact material to the request for a constructive trust: namely, whether Appellants had other sources of income besides [] Miller, and also whether at least a portion of [] Miller's income was lawful." Appellants' Brief at 21.

Pursuant to Rule 1531 of the Pennsylvania Rules of Civil Procedure,

[a] court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.Civ.P. 1531(a).  The "procedural steps which must be followed when a preliminary injunction is sought are enumerated in Rule 1531 of the Pennsylvania Rules of Civil Procedure.  Ordinarily, a preliminary injunction may be issued only after a written notice and hearing." **Constantakis**, 275 A.3d at 1017 (citation omitted).

> A preliminary injunction may be granted without notice and a hearing only when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury.  In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified.  If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved.

***In re Tr. Under Deed of Tr. of Nell G. Jack, Settlor Dated May 29, 1981 (Nell G. Jack Tr.)***, 284 A.3d 451, 457 (Pa. Super. 2022) (citations and quotation marks omitted).

The record in the case at bar reflects that Bell-Mark filed its complaint on November 5, 2022, and its motion for summary judgment on July 20, 2023. On September 8, 2023, the trial court granted Bell-Mark's motion for summary judgment as to the estate defendants and its request for a preliminary injunction.  The trial court did so without holding a hearing or finding that an immediate and irreparable injury would occur if it failed to grant relief prior to holding a hearing and without any claim in the summary judgment motion

that funds were about to be dissipated. *See* Pa.R.Civ.P. 1531(a).[5] Further, the trial court failed to make any findings about as to the six factors required to issue a preliminary injunction in its order granting the preliminary injunction; it only discussed these factors after the fact in its Rule 1925(a) opinion.

Moreover, Bell-Mark sought a constructive trust (preliminary injunction) in both its complaint and summary judgment motion, providing ten months in which the trial court could have held a hearing prior to entry of injunctive relief. *See Rosenzweig v. Factor*, 327 A.2d 36, 38 (Pa. 1974) (finding the entry of a preliminary injunction without a hearing violated Rule 1531 where the complaint was filed five months prior to the grant of injunctive relief; "it would be specious to argue—and the appellee does not argue—that a hearing on the prayer for preliminary relief could not have been held within this period"). Pointedly, as noted by Appellants, the other judge before whom the request for injunctive relief was pending had scheduled a hearing on Bell-Mark's petition the trial court's decision here rendered it moot.

Although the trial court found that a hearing was not needed because the facts necessary to prove Bell-Mark's entitlement to preliminary injunctive relief have been met based on "Appellants' admissions" and its conclusion

---

[5] As noted above, Bell-Mark filed a separate petition for injunctive relief; however, this petition was dismissed as moot in light of the grant of the relief in the summary judgment motion.

"that the factual record was sufficiently developed," Trial Court Opinion, 1/31/2024, at 21, the admissions identified by the trial court were made by different parties, the estate defendants, not Appellants.[6] The trial court did not enter summary judgment against Appellants and discovery was ongoing between Appellants and Bell-Mark. Therefore, while the trial court may act

_____

[6] In its 1925(a) opinion, the trial court cites in its findings of fact generically to an "Answer," without specifying to which parties' answer it was referring. **See** Trial Court Opinion, 1/31/2024, at 3-16. Our review of the record confirms that the admissions appear only in the estate defendants' answer to Bell-Mark's motion for summary judgment. **Compare generally** Estate Defendants' Answer to Motion for Summary Judgment, 8/22/2023, at 1-5 (unnumbered), **with** Appellants' Response to Motion for Summary Judgment, 8/18/2023, at 1-23. The trial court further relies upon "general denials," in the "Answer," which it found had "the effect of an admission." Trial Court Opinion, 1/31/2024, at 5, 6, 8, 13, 14, 16. Because the estate defendants admitted to the averments in their answer, the trial court was ostensibly referring to Appellants' response.

We note that in responding to a motion for summary judgment,

> the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response … identifying (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion, or … (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.Civ.P. 1035.3(a). Our review of Appellants' response does support a finding that they generally denied the averments in Bell-Mark's motion for summary judgment so as to constitute admissions. In fact, five of the "general denials" identified by the trial court involve actions by Force Products and Miller to which Appellants indicated they had no knowledge; two denials noted that discovery had not been completed to properly answer the averments. **See** Appellants' Response, 8/18/2023, at 6, 8-9. In the context of this case, which involved multiple defendants and discovery that had yet to be completed, we do not find these responses to constitute admissions.

- 15 -

on the basis of the averments in the pleadings, Pa.R.Civ.P. 1531(a), this does not allow the court to utilize admissions by one set of defendants (the estate defendants) to support the grant of injunctive relief against another set of defendants (Appellants), who had denied the averments. *Cf. Mazzuca v. Abreu*, 310 A.3d 775, 787 (Pa. Super. 2024) ("Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party.") (citation omitted); *see generally* Pa.R.Civ.P. 1029. We must therefore reverse the portion of the order[7] granting preliminary injunctive relief against Appellants and remand for a hearing on the motion for preliminary injunction. *See Trust under Deed of Trust of Neil G. Jack*, 284 A.3d at 457 (vacating the orphans' court's order granting injunctive relief where court failed to hold a hearing or make a finding of irreparable harm, and remanding for a hearing).

We now turn to Appellants' final claim[8] wherein they assert that the trial court abused its discretion by requiring Appellants to provide a detailed 20-year accounting of Bell-Tech's assets. Appellants' Brief at 31-33. In its Rule 1925(a) opinion, the trial court repeatedly states that it did not require Appellants to provide a detailed accounting "only directed the [e]state

---

[7] The estate defendants have not appealed the trial court's order in any respect. We therefore do not disturb the trial court's grant of summary judgment and injunctive relief as to the estate defendants.

[8] In light of our disposition regarding the grant of preliminary injunctive relief as to Appellants, we need not address Appellants' remaining claims.

defendants to account for the money received by [Miller], and Force Products." Trial Court Opinion, 1/31/2024, at 24; **see also id.** at 25. Appellants do not identify anywhere in the record that supports their claim that the trial court ordered them to provide an accounting. To the contrary, the trial court's September 8, 2023 order expressly states that only the estate defendants are required to provide an accounting. Order, 9/8/2023, at 3 (stating "Defendants named above [the estate defendants] are hereby ORDERED: … [t]o account to Bell-Mark for all monies received from defendant decedent Dale A. Miller, and defendant Force Products within 60 days from the date of this Order") (emphasis in original); **id.** at 4 (stating the estate defendants "are hereby ORDERED to: (a) Account to Bell-Mark for the money received by Dale A. Miller, and defendant Force Products, as well as the use of the money within 60 days from the date of this Order") (emphasis in original). Because the trial court has not ordered Appellants to provide an accounting at this time, there is no basis for relief.

For the foregoing reasons, we vacate the trial court's September 8, 2023 order in part and remand for further proceedings consistent with this memorandum.

Order vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/27/2024