**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CARL EUGENE ISTANICH, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JAMES ISTANICH | : | |
| | : | |
| Appellant | : | No. 271 WDA 2024 |

Appeal from the Order Entered January 31, 2024
In the Court of Common Pleas of Cambria County
Civil Division at No(s): No. 2024-0120

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED: APRIL 25, 2025**

Daniel James Istanich ("Son") appeals *pro se* from the order granting the petition of Carl Eugene Istanich, Jr. ("Father") for a final order pursuant to the Protection From Abuse ("PFA") Act.[1] We affirm.

The trial court set forth the following factual and procedural history:

> On January 11, 2024, [Father] filed a [p]etition for [a PFA order] against [Son]. In his PFA [petition], [Father] wrote that [Son] verbally abused him and threatened physical violence toward him for the past ten years. On January 8, 2024, [Son] put his hands around [Father's] throat and applied pressure. [Father] then attempted to call 911 on his landline, but [Son] grabbed the phone from his hand, ripped the phone from the wall, and then took out a knife to cut the phone line wire. [Father] then fled to a friend's home, called law enforcement, but decided not to file charges against [Son]. While [Father] was away, [Son] screamed at his mother[, who is Father's] wife . . ..
>
> Th[e c]ourt granted a [t]emporary PFA [o]rder on January 11, 2024, and scheduled an evidentiary hearing with both parties

---

[1] *See* 23 Pa.C.S.A. §§ 6101-6122.

present for January 18, 2024. The hearing was continued and rescheduled for January 29, 2024. On January 29, 2024, the hearing was held, and[, at the conclusion of the hearing, the c]ourt made a finding of abuse against [Son, pursuant to subsections 6102(a)(1), (5) of the PFA]. Subsequently, a [f]inal PFA [o]rder against [Son] was granted for twenty-four months, with [Son] forbidden to contact, stalk, or harass [Father] and to not stalk or harass [his mother]. On March 1, 2024, [Son] filed a [timely n]otice of [a]ppeal . . ..

Trial Ct. Op., 4/25/24, at 1-2.[2]

Son raises the following issue for our review:

Whether the trial court erred in granting the [PFA] order based on insufficient evidence as required under 23 Pa.C.S.[A.] § 6102?

Son's Br. at 2.

Our standard of review is as follows: we review the trial court's legal conclusions for an error of law or an abuse of discretion. ***See Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa. Super. 2008). We must view the evidence of record in the light most favorable to the prevailing party. ***See***

---

[2] While the trial court dated its final order January 29, 2024, the order was not filed until January 31, 2024. ***See*** Order, 1/31/24. Son's notice of appeal, filed within thirty days of the filing of the final order, is thus timely. ***See*** Pa.R.A.P. 903(a) (providing for a thirty-day time for taking an appeal following entry of the appealed-from order); ***see also S.G. v. R.G.***, 233 A.3 903, 906 n.1 (Pa. Super. 2020) (thirty-day appeal period begins running on the date a final PFA order is filed).

Additionally, the trial court issued a concise statement order pursuant to Pa.R.A.P. 1925(b), and Son failed to comply with the order. However, because the order omitted required information regarding where Son could serve the concise statement, ***see*** Order, 3/4/24, we decline to find waiver of Son's appellate issues for failure to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(3)(iii); ***Linn v. Perrotti***, 308 A.3d 885, 888 (Pa. Super. 2024).

*Kaur v. Singh*, 259 A.3d 505, 509 (Pa. Super. 2021). On appeal, this Court defers to the trial court's credibility determinations. *See id*.

Son's appeal challenges the sufficiency of the evidence supporting the trial court's finding of abuse. This Court has explained that "[t]he purpose of the [PFA Act] is to protect the victims of domestic violence from the perpetrators of such abuse." *Fonner v. Fonner*, 731 A.2d 160, 161 (Pa. Super. 1999) (internal citations omitted). A PFA petitioner must establish that "abuse" occurred by a preponderance of the evidence. *See E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa. Super. 2020). The Act defines "abuse" in relevant part as: "Attempting to cause or intentionally, knowingly or recklessly causing bodily injury . . .." 23 Pa.C.S.A. § 6102(a)(1). "Bodily injury" is defined as "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. *See also* 23 Pa.C.S.A. § 6102(b) (stating that "[t]erms not otherwise defined in this chapter shall have the meaning given to them in 18 Pa.C.S.[A.] (relating to crimes and offenses)").

Son argues the evidence was insufficient to support the trial court's finding of abuse. Specifically, Son argues Father's "testimony regarding the alleged physical confrontation was "inconsistent and vague," "lacked specificity," and lacked corroborating "physical evidence." *See* Son's Br. at 10. Son also suggests the evidence was insufficient because of the lack of police reports, medical records, or other documentary evidence. *See id*. at 12-13.

The trial court considered Son's arguments and concluded they merit no relief, because, *inter alia*, the court "found that [Son] did in fact abuse [Father] by intentionally causing bodily injury [by] placing his hands around [Father's] neck and applying pressure." Trial Ct. Op., 4/25/24, at 3.

Following our review, we conclude the trial court committed no error of law or abuse of discretion in finding abuse under section 6102(a)(1), *i.e.*, that Son caused Father bodily injury. Father testified that during a verbal dispute about Son's vehicle, the dispute escalated until Father decided to prostrate himself in front of Son to show that he was defenseless and incapable of resistance, after which Son "came and grabbed [his] throat and put pressure on it." N.T., 1/29/24. Father described the strangulation as causing him bodily injury, and explained when cross-examined by Son:

> When you put both your hands around my throat when I was totally defenseless. You kept putting pressure on it. . . . What it did cause is me to go into another state. . . . As far as what was going on [with] me losing my breath, it caused me to go into another physical state until my precious wife said . . . stop. You took your hands off of me and you threw me down.

*Id*. at 22. The trial court found Father credible, which is a determination we may not disturb. *See Kaur*, 259 A.3d at 509. Father's testimony thus establishes that Son strangled him and impaired his physical condition by impeding his breathing. *See Commonwealth v. Weitzel*, 304 A.3d 1219, 1225 (Pa. Super. 2023) (strangulation occurs where the perpetrator puts pressure on a victim's neck and thereby hinders or obstructs the victim's breathing); *see also* 23 Pa.C.S.A. § 6102(b); 18 Pa.C.S.A. § 2301 (bodily

injury occurs when a perpetrator impairs the physical condition of another person). Indeed, a victim's testimony alone is enough to prove strangulation. *See id*.[3] Based on these facts, we conclude the trial court's findings and application of the law were not in error, and the evidence relied upon was sufficient to show "abuse" within the meaning of the PFA.[4] Accordingly, we affirm the trial court's order granting Father a final PFA order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/25/2025

---

[3] Therefore, we reject Son's argument that Father's testimony required corroborating evidence to support the trial court's finding of abuse.

[4] Accordingly, we need not address Son's arguments that Father did not testify that he was in fear of imminent harm. *Cf*. Son's Br. at 11-12. However, we note that the "imminent harm" is relevant to section 6102(a)(2), but the trial court did not find abuse under section 6102(a)(2).