J-A27002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCIS G. LINN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA A. PERROTTI | : | No. 337 EDA 2025 |

Appeal from the Order Entered January 9, 2025
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 2022-00140

BEFORE: BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 6, 2026**

Francis G. Linn ("Husband") appeals *pro se* from the order dismissing with prejudice his complaint filed against Maria A. Perrotti ("Wife"). We vacate and remand for further proceedings.

Husband and Wife married in 2000. On May 13, 2019, in contemplation of divorce, they negotiated and executed a settlement agreement to distribute their property ("Settlement Agreement"). Before the divorce decree was entered, however, Husband filed a petition to declare the Settlement Agreement null and void based upon his assertion that Wife did not disclose all assets during negotiations ("Petition to Strike"). After a hearing, the court denied the Petition to Strike.

We previously recounted the remainder of the factual and procedural background of this matter thusly:

On [June 28, 2019, Husband and Wife] finalized their divorce and [incorporated, but did not merge, the Settlement Agreement into the divorce decree]. . . . They agreed that [Wife] was the sole owner of a residence located at 7 Tunes Brook Drive in Brick, New Jersey. It was further stipulated that [Husband] would be awarded $30,000.00 out of the sum obtained from the sale of the home, and that [Wife] would receive the remaining proceeds, the amount of which was not specified.

[Husband] filed a complaint about three years later, claiming damages in the amount of $271,000.00 due to [Wife]'s non-disclosure of assets in the prior divorce action. One such alleged non-disclosure was [Wife]'s use of marital funds to pay the mortgage on the New Jersey home, which [Husband] claimed was sold for $220,000.00. [Husband] requested the creation of a constructive trust funded by those proceeds, invoking 23 Pa.C.S. § 3505(d) of the Divorce Code, which authorizes the imposition of a constructive trust where a party has failed to disclose assets during an equitable distribution.

[Wife] filed preliminary objections in the nature of a demurrer, asserting that [Husband]'s complaint contained a single count (constructive trust), which could not be granted because [Husband] sought to fund the trust with the proceeds of the sale of a home to which neither party held title.[1] The Honorable Matthew L. Meagher of the Wayne County Court of Common Pleas held a hearing] on the preliminary objections on October 5, 2022. [Husband] recounted a series of discoveries he made subsequent to the execution of the [Settlement Agreement] concerning [Wife]'s surreptitious use of martial funds, and the concealment of financial information which reduced his awarded share of the marital property. [Wife]'s counsel reiterated that [Husband] had improperly requested a constructive trust because the New Jersey

_____

[1] Wife raised a total of two preliminary objections, both titled as demurrers pursuant to Pa.R.Civ.P. 1028(a)(4). The first, discussed above, alleged that Husband's complaint was legally insufficient for failing to establish a claim to a constructive trust, which was properly characterized as a demurrer. However, Wife's second objection averred that Husband's complaint failed to follow Pa.R.Civ.P. 1019 and 1018.1, which is not a demurrer but an objection in accordance with Rule 1028(a)(2). *See id*. (stating that a defendant may raise a preliminary objection based on the "failure of a pleading to conform to law or rule of court").

home previously owned by [Wife] had already been sold, and a party must hold title to property in order for such a trust to be created.

On the same afternoon as the hearing, the trial court entered a boilerplate order sustaining [Wife]'s preliminary objections. A footnote within the order provided only that the action for a constructive trust was without merit because neither party "owns or holds an interest in the assets" that [Husband] asked to be held in a constructive trust.

**Linn v. Perrotti**, 308 A.3d 885, 887-88 (Pa.Super. 2024) (cleaned up).

Husband appealed. Upon review, this Court concluded that the trial court committed an error of law in sustaining Wife's demurrer. Specifically, we explained that "[i]t was irrelevant that [Wife] did not hold title to the property[,]" and "[a]ssuming that [Husband] could satisfy the other elements of a constructive trust (which was never ruled upon), the trial court in fact had authority to impose a constructive trust using the proceeds of the home sale." **Id**. at 889. Accordingly, we vacated the court's order sustaining Wife's preliminary objections and dismissing Husband's complaint, and remanded for further proceedings. In so doing, we noted the following:

[B]oth the trial court and [Wife]'s counsel had commented at the hearing on [Wife]'s preliminary objections that [Husband] had used the wrong type of pleading to request a constructive trust, and that he had done so in the wrong forum. The parties also alluded to recent proceedings in which [Husband] made similar allegations to those here, barring him from relitigating those claims before the trial court. Since those issues were not briefed or mentioned in the [Pa.R.A.P.] 1925(a) opinion, we cannot address them here. The trial court may, of course, entertain those additional grounds on remand, as provided by law.

**Id**. at 889 n.3.

After the matter was returned to the trial court, Husband filed a motion to disqualify Judge Meagher, alleging that at the time of the Settlement Agreement negotiations, he was an attorney for the firm that represented Wife. In response, the Wayne County Court of Common Pleas specially assigned the case to the Honorable C. Daniel Higgins, Jr., of the Monroe County Court of Common Pleas, who scheduled a hearing on the preliminary objections for July 15, 2024.[2]

At the ensuing hearing, Judge Higgins initially questioned the parties about how they would like to proceed. Wife's counsel stated that she wished to present evidence because Judge Meagher already held oral argument on the preliminary objections, while Husband stated that he was not prepared to present evidence. After a brief recess, the court allowed Wife to testify as to whether she secreted assets during settlement negotiations. She was subject to cross examination by Husband, who testified thereafter. Husband repeatedly clarified, however, that he had not planned to proffer any evidence in support of his case because he was under the impression that only oral argument was to be held on the preliminary objections. At the conclusion of the hearing, the court took the matter under advisement.

_____

[2] Husband also filed a motion for change of venue, which was dismissed as moot given the "full bench recusal" of the Wayne County Court of Common Pleas and special reassignment to Judge Higgins. *See* Order, 5/24/24.

- 4 -

In the interim, Husband submitted multiple requests to present additional evidence at a hearing and amend his complaint. The court denied these filings, stating that Wife's preliminary objections were still outstanding. The court then issued an order on January 9, 2025, finding that collateral estoppel barred Husband's complaint. Notably, the trial court predicated its analysis on its belief that this Court had in the above-quoted footnote "alluded to a *res judicata* or collateral estoppel application raised by parties[.]" Order, 1/9/25, at ¶ 6. Since the Petition to Strike was based on the same allegations as the complaint, the court concluded that Husband was collaterally estopped to relitigate his assertion that Wife did not disclose all assets during Settlement Agreement negotiations. For support, the court compared the notes of testimony from the hearing on the Petition to Strike, and Wife's testimony at the July 15, 2024 hearing, finding her statements to be substantially the same. Therefore, the court "sustain[ed Wife]'s preliminary objections and dismiss[ed Husband]'s complaint with prejudice." ***Id***. at ¶ 47 (some capitalization altered).

This timely appeal followed. The trial court ordered Husband to file a statement pursuant to Pa.R.A.P. 1925(b), but he failed to comply. Wife submitted a motion to quash on this basis, which this Court denied because the trial court's Rule 1925(b) order did not include "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement" to the trial judge, as required by Pa.R.A.P.

J-A27002-25

1925(b)(3)(iii). We ordered Husband to file and serve a Rule 1925(b) statement, he complied, and the court authored a responsive Rule 1925(a) opinion. This matter is therefore ripe for disposition.

Husband raises the following questions for our consideration:

1. On July 15, 2024, did Judge Higgins allow [Wife] to ignore the court "ORDER" of April 22, 2024, of "arguments and preliminary objects" [*sic*] and instead allow [Wife] to present evidence on [Wife's] behalf without Due Process, Discovery[,] or notification to [Husband]?

2. On July 15, 2024 did Judge Higgins ignore [Husband] stating he was not prepared to present evidence as he had appeared according to the "ORDER" of April 22nd, 2024?

3. After the July 15, 2024 hearing did [Husband] provide Judge Higgins and [Wife] with documents to prove [Wife] had knowingly made false statements under oath during the July 15[,] 2024 hearing?

4. Has [Husband] informed Judge Higgins that [Husband]'s evidence and witnesses, when heard[,] will prove [Wife] knowingly was dishonest with the court numerous times during her testimony and provided the court with knowingly partial documentation on July 15, 2024?

5. On September 13, 2024, did [Husband] "MOTION FOR HEARING" to present [Husband]'s evidence and was denied, as Judge Higgins stated [Wife]'s "preliminary objections" were yet to be heard?

6. On September 20, 2024, did [Husband] file a "MOTION TO AMEND" and was denied by Judge Higgins, as he stated [Wife]'s "preliminary objections["] were yet to be heard?

7. On November 21st, 2024 did [Husband's] "MOTION TO BE HEARD" which Judge Higgins denied stating [Wife's] objections were yet to be heard?

- 6 -

8.    On November 26, 2024, did Judge Higgins serve a second "ORDER" upon [Wife] to show cause and answer preliminary objections as to why a hearing should not take place?

9.    Was the second "ORDER["] of November 26, 2024, served on [Wife], answered on time?

10.    When the second "ORDER" was not answered on time did [Wife] answer with a document stamped by the Wayne County Prothonotary Office the "same" date as the "ORDER" yet time stamped hours earlier than the Judge[']s "ORDER", before the "ORDER" had even been served?

11.    Was the document used as [Wife's] answer to the "ORDER" an answer to a different, previous issue and not the Judge's Order?

12.    Did [Wife] ever properly answer the "ORDER" to show cause?

13.    On January 9, 2025, did the Honorable C. Daniel Higgins hand down a "DECISION" having:

  a.    Never heard [Husband]'s Evidence or Witnesses[?]

  b.    Not followed DUE PROCESS?

  c.    Having "Only" heard [Wife]'s (Defendant[']s) Evidence?

14.    Did Judge Higgins, in support of his "DECISION" improperly use the opinions, rulings, and testimony of the two previously recused "BIAS" Judges in this matter?

15.    Has Judge Higgins stripped [Husband] of his right to Due Process and Constitutional Rights?

Husband's brief at 26-28.

Initially, we note that, as in the prior appeal, Husband's principal brief does not adhere to our Rules of Appellate Procedure. *See Linn*, 308 A.3d at 888 n.1 (stating that Husband's brief failed to conform to the Rules "in several

respects"). Specifically, Husband neglected to lay out the pertinent facts in a dedicated statement of facts section and instead included a narrative in the scope and standard of review portion. He also failed to cite any case law in support of his contentions and omitted an argument section. We caution Husband that although *pro se* filings are construed liberally, this Court will not supply appellate advocacy for him.[3] ***See Commonwealth v. Taylor***, 277 A.3d 577, 591 (Pa.Super. 2022) ("It is not this Court's duty to develop arguments for an appellant." (citation omitted)). From what we discern in his brief, Husband's core issue is whether the court erred in sustaining Wife's preliminary objections and dismissing his complaint with prejudice, without affording him the opportunity to present his evidence.

We begin our review with the applicable legal principles:

> Our standard of review in an appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

---

[3] We acknowledge that Husband endeavored to correct these errors in his reply brief, but such a filing is not an opportunity to cure the deficiencies in a principal brief. ***See Commonwealth v. Fahy***, 737 A.2d 214, 219 n.8 (Pa. 1999) ("[A]n appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief." (cleaned up)). We will only consider Husband's reply brief to the extent that it properly retorts the allegations Wife raised in her brief.

*Laret v. Wilson*, 279 A.3d 56, 58 (Pa.Super. 2022) (cleaned up).

It is well-established that "[w]hen considering a demurrer, a court cannot consider matters collateral to the complaint but must limit itself to such matters as appear therein." *Kelly v. Kelly*, 887 A.2d 788, 790-91 (Pa.Super. 2005) (cleaned up). To that end, "no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer." *Taylor v. Pennsylvania State Corrections Officers Assn.*, 291 A.3d 1204, 1209 (Pa.Super. 2023). Therefore, courts "must examine only the averments in the complaint, together with the documents and exhibits attached thereto[.]" *Ritz v. Ramsay*, 305 A.3d 1056, 1060 (Pa.Super. 2023) (cleaned up).

We have further explained that when ruling upon a demurrer:

> A court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court. It follows, therefore, that unless the facts relied upon to establish it appear from the complaint itself, the defense[s] of *res judicata* [and collateral estoppel] may not be raised by preliminary objections.

*Kelly*, 887 A.2d at 791. Rather, affirmative defenses "generally [are] properly raised via a party's answer as new matter." *Id*. at 790 (citing Pa.R.Civ.P. 1030).

Husband claims that the court violated his due process rights when it allowed Wife to present evidence at the hearing on the preliminary objections. *See* Husband's brief at 30-31. He maintains that the order scheduling the

hearing on the preliminary objections failed to state that it would entail the presentation of evidence. *Id*. at 25. Accordingly, Husband explains that he merely prepared for oral argument and contends that the court has "only heard the evidence of [Wife] who . . . was allowed to force an evidentiary hearing[.]" *Id*. at 22. He further argues that the court improperly relied upon the record for the Petition to Strike when his complaint concerns evidence discovered after that and has "yet to be heard[.]" *Id*. at 24.

In its Rule 1925(a) opinion, the trial court defended its order sustaining Wife's preliminary objections as follows:

> Th[e c]ourt stands by its decision filed January 9, 2025, and avers that [Husband] was given sufficient opportunities to present evidence and any lack of presentation of evidence is solely the fault of [Husband]. [Husband] filed correspondence to the court . . . acknowledging receipt and reading the order of th[e c]ourt . . . scheduling "hearing and arguments concerning the preliminary objections of [Wife] to [Husband's] complaint" for July 15, 2024. [Husband] had approximately eighty-four . . . days from the . . . court order and the hearing date of July 15, 2024, to gather any necessary evidence. At the July 15, 2024, hearing, [Husband] stated that he was not prepared to present evidence, but he "did have someone with him. So he would be happy to present some [evidence] as well." Further, th[e c]ourt at the July 15, 2024, hearing also on record clarified that the hearing was limited to the preliminary objections filed by [Wife] and not a hearing on [Husband]'s complaint that required discovery as [Husband] avers. Finally, th[e c]ourt notes that [Husband] has not asserted any error in the decision itself that th[e c]ourt rendered on January 9, 2025, and solely argues that [Husband] was not able to present evidence, even though ample opportunity to do so was presented to [Husband] throughout this process.

Trial Court Opinion, 4/4/25, at 1-2 (cleaned up).

We conclude that the court erred. To recap, upon Husband's appeal of Judge Meagher's order sustaining Wife's demurrer, this Court vacated the order and remanded for further consideration of the preliminary objections based on the court's misapprehension of law. Particularly, Judge Meagher mistakenly believed that Husband could not establish a claim to a constructive trust where Wife no longer had title to the New Jersey home. We further indicated that the court had yet to consider whether Husband could meet the remaining elements of a constructive trust. Plainly, at the hearing post-remand and following Judge Meagher's recusal, the only issue before Judge Higgins was the legal question of whether Husband's complaint was sufficient to establish a claim for a constructive trust.[4] Accordingly, it was inappropriate

_____

[4] Section 3505 of the Divorce Code governs constructive trusts, and states as follows:

> **(d) Constructive trust for undisclosed assets.**--If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S. § 3505. Notably, this Court has explained that § 3505 "does not include a requirement that the failure to disclose an asset be a deliberate or

*(Footnote Continued Next Page)*

- 11 -

for Judge Higgins to take evidence, and Wife should have been prepared to argue why she believed Husband could not establish a claim to a constructive trust in light of this Court's disposition. **See Taylor**, 291 A.3d at 1209 ("[N]o testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer.").

Rather than examine the legal sufficiency of Husband's complaint, the court *sua sponte* concluded that Husband was collaterally estopped to pursue his claim. Although it is possible that the parties have previously litigated this issue in the Petition to Strike, the defense of collateral estoppel is to be pled in an answer and new matter, not preliminary objections. **See Kelly**, 887 A.2d at 790-91. Notably, Wife has yet to raise this defense in a filing. It was therefore improper for the court to conclude of its own volition that Husband's complaint was barred by collateral estoppel by relying upon information outside of the complaint, including Wife's testimony at the hearing and the record from the Petition to Strike, to sustain the demurrer. Accordingly, we vacate the court's order and remand with the following instructions.

Upon remittal of the certified record, the court must analyze whether Husband's complaint, on its face and any attachments thereto, could plausibly establish a claim to a constructive trust, *i.e.*, rule upon Wife's preliminary

---

intentional" but that it "merely requires the non-disclosure of funds which could have been the subject of equitable distribution regardless of the intent of the party failing to disclose those assets." **Creeks v. Creeks**, 619 A.2d 754, 757 (Pa.Super. 1993).

objections.[5]  ***See Laret***, 279 A.3d at 58.  A decision may be generated from the existing record, or the court may deem it necessary to hold oral argument.  However, the court must not consider any evidence collateral to the complaint when ascertaining a purely legal question.  ***Accord Taylor***, 291 A.3d at 1209.  It follows that Husband is not entitled to present evidence, but he may seek leave to amend.  ***See Blackwood, Inc. v. Reading Blue Mt. & N. R. Co.***, 147 A.3d 594, 598 (Pa.Super. 2016) ("Under Pa.R.C[iv].P. 1033, a party can amend his pleading either with the consent of the other party or with the court's permission.  Leave to amend lies within the sound discretion of the trial court and . . . should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.").  In the event of an amended complaint, Wife retains the right to raise additional preliminary objections.  ***See*** Pa.R.Civ.P. 1028(f) ("Objections to any amended pleading shall be made by filing new preliminary objections.").

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.

---

[5] As referenced *supra*, Wife filed an additional preliminary objection as to Husband's failure to comply with Rules 1019 and 1018.1.  Upon remand, the court must also consider and decide this outstanding preliminary objection. ***See*** Pa.R.Civ.P. 1028(b)(2) ("The court shall determine promptly **all** preliminary objections." (emphasis added)).

- 13 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/6/2026</u>